UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff,
v.                                        CASE NO. 20-20193-KMM

DARWIN PERLAZA HURTADO,

        Defendant.
_____/

## SENTENCING MEMORANDUM
## AND REQUEST FOR A DOWNWARD VARIANCE

**COMES NOW,** the Defendant, Darwin Perlaza Hurtado, by and through the undersigned counsel, who respectfully submits his Sentencing Memorandum with a request for Downward Variance in connection with his sentencing currently scheduled for February 11, 2021. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and for the reasons stated below, a sentence which varies downward, below the guideline range is the proper and just sentence for Mr. Perlaza-Hurtado.

        I.        INTRODUCTION

This Defendant comes from a severely depressed economic situation. He has always been employed doing physical labor. As a result of the hard labor, he suffers from a lower back pain, because of damage to one of his vertebrae in his lower back.

He does have a high rate of consumption of alcohol and would benefit from receiving alcohol abuse treatment.

He comes from a broken home, being raised by his mother and maternal grandmother. From the very beginning this defendant has accepted full responsibility for his actions.

He does quality for the "Safety Valve" and as such the minimal mandatory of 10 years in

no longer applicable.

## LEGAL ARGUMENT

It is now axiomatic that the sentencing guidelines are merely advisory and should not be viewed as mandatory. Of course, under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), and, particularly, as the recent case of *Kimbrough v. United States*, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed. 2d 481 (2007) held, District Courts are not inextricably shackled to the Guidelines. Thus, sentencing courts must base sentencing decisions on the factors enunciated in 18 U.S.C. §3553(a) (2008) and are free to disagree with the calculated Guidelines sentencing range. See *Kimbrough v. United States*, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed. 2d 481 (2007). This means that a sentencing court is "free to make its own reasonable application of the section 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Id.,* 128 S.Ct. at 576, (Scalia, J., concurring). Not only is a sentencing court free to reject the Guidelines, it must not give the guidelines any undue weight. Indeed, the Supreme Court has recently held that a sentencing court cannot give special weight to the Guidelines without violating its holding in *Booker.* See *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. at 564, 576 (2007). Otherwise, the *Booker* holding would be eviscerated by considering the Guidelines not only as presumptively reasonable but as the last word on how the sentencing court could exercise its discretion.

Section 3553(a) contains seven factors that a sentencing court must consider in rendering a fair and reasonable sentence:

> The first factor is a broad command to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The second factor requires the consideration of the general purposes of sentencing, including:
>
> "the need for the sentence imposed-
>
> "(A) to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense;

"(B) to afford adequate deterrence to criminal conduct;

"(C) to protect the public from further crimes of the defendant; and

"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The third factor pertains to "the kinds of sentences available," the fourth to the Sentencing Guidelines; the fifth to any relevant policy statement issued by the Sentencing Commission; the sixth to "the need to avoid unwarranted sentence disparities," and the seventh to "the need to provide restitution to any victim." Preceding this list is a general directive to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing described in the second factor.

*Gall v. United States*, 128 S. Ct. at 596-597, n.6 (quoting 18 U.S.C 3353(a)(1-7)). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, as sometimes magnify, the crime and the punishment to ensue." *Koon v. United* States, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed 2d 392 (1996).

WHEREFORE, Undersigned requests this Honorable Court to grant Defendant Darwin Perlaza Hurtado a Downward Variance.

Respectfully submitted,

s/Joseph A. Chambrot
**JOSEPH A. CHAMBROT, ESQ.**
Attorney for Defendant
Florida Bar No.: 434566
1885 N.W. North River Dr.
Miami, Florida  33125
Tel: (305) 547-2101
Fax: (305) 547-2107
E-mail: joseph@chambrotlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/j/Joseph A. Chambrot, Esq.